UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SHANE-CHRISTOPHER BUCZEK ESTATE,

                Plaintiff,

v.                                          **DECISION AND ORDER**
                                                 16-CV-62S

JONATHAN MONACO, ET AL.,

                Defendants.

      1.      Plaintiff Shane C. Buczek removed this *pro se* action[1] from state to federal court on January 22, 2016. (Docket No. 1.) The removed case is a traffic action instituted in November 2015 in town court in the Town of Hamburg, N.Y. (Docket No. 1.)

      2.      In a Decision and Order filed on February 27, 2017, this Court found that Buczek's removal of this action was untimely and consequently improper. (Docket No. 10.) It therefore ordered that the case be remanded to the town court of Hamburg, N.Y. (Docket No. 10.)

      3.      On March 27, 2017, Buczek filed a "Writ of Error Objecting." (Docket No. 11.) This 147-page document is difficult to decipher, but appears to be most properly construed as a Motion for Reconsideration of this Court's February 27, 2017 Decision and Order (Docket No. 10). Given Buczek's pro se status, this Court will also construe it as a motion under Rules 59 and 60 of the Federal Rules of Civil Procedure, despite the lack of a judgment.

---

[1] Buczek's *pro se* status entitles his submissions to broad consideration. Because of the distinct disadvantage that pro se litigants face, federal courts routinely read their submissions liberally, and interpret them to raise the strongest arguments that they suggest. See Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L.Ed.2d 652 (1972); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). This Court has considered Buczek's submissions accordingly.

4. A district judge may modify pre-trial rulings and interlocutory orders at any time before final judgment. See In re United States, 733 F.2d 10, 13 (2d Cir. 1984). Reconsideration of a prior decision is generally justified in any one of the following three circumstances: (1) an intervening change in controlling law; (2) new evidence; or (3) the need to correct a clear error of law or to prevent manifest injustice. See Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir.1992); see also Amerisure Ins. Co. v. Laserage Tech. Corp., No. 96-CV-6313, 1998 WL 310750, *1 (W.D.N.Y. Feb. 12, 1998) (citing United States v. Adegbite, 877 F.2d 174, 178 (2d Cir. 1989)).

5. The decision whether to grant or deny a motion to reconsider lies in this Court's discretion. See McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983). Parties bringing motions to reconsider "should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant." Duane v. Spaulding and Rogers Mfg. Inc., No. 92-CV-305, 1994 WL 494651, *1 (N.D.N.Y. Aug. 10, 1994) (quoting McDowell Oil Serv. v. Interstate Fire and Cas., 817 F. Supp. 538, 541 (M.D.Pa. 1993)). Motions for reconsideration are not to be used as a means to reargue matters already disposed of by prior rulings or to put forward additional arguments that could have been raised before the decision. See Duane, 1994 WL 494651 at *1. After all, a "motion for reconsideration is not a device intended to give an unhappy litigant one additional chance to sway the judge." Nossek v. Bd. of Ed. of Duanesburg Cent. Sch. Dist., No. 94-CV-219, 1994 WL 688298, *1 (N.D.N.Y. Nov. 10, 1994).

6. Upon consideration of Buczek's "Writ of Error Objecting," this Court is not convinced that its February 27, 2017 Decision and Order must be revisited. Buczek has not persuasively alleged any of the three circumstances under which reconsideration may

be warranted. See Virgin Atl. Airways, 956 F.2d at 1255. Instead, he simply reargues and reiterates his baseless positions and continues to extol irrelevant theories. These arguments have already been raised and rejected.

7. Buczek is obviously dissatisfied with this Court's decision. But use of a motion to reconsider as a vehicle to reargue a case is improper. See Nossek, 1994 WL 688298 at *1; United States v. Chiochvili, 103 F. Supp. 2d 526, 530-31 (N.D.N.Y. 2000) (reargument is not a proper basis for a motion to reconsider); Schonberger, 742 F. Supp. at 119 ("the provision for reargument is not designed to allow wasteful repetition of arguments already briefed, considered and decided"). Accordingly, reconsideration is denied.

8. Rule 59 (e) permits a party to seek reconsideration of a court's judgment, so long as the party files its motion to amend or alter the judgment no later than 28 days after its entry. "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995). Relief can also be granted to "correct a clear error or prevent manifest injustice." Int'l Ore & Fertilizer Corp. v. SGS Control Servs., Inc., 38 F.3d 1279, 1287 (2d Cir. 1994) (quoting Virgin Atl., 956 F.2d at 1255).

9. The existence of new evidence may also justify reconsideration. See Virgin Atl., 956 F.2d at 1255. The rule is not, however, "a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir.

1998). The decision to grant a Rule 59(e) motion is within the sound discretion of the court. New York v. Holiday Inns, Inc., No. 83-CV-564S, 1993 WL 30933, at *4 (W.D.N.Y. 1993).

10. Here, Buczek points to no persuasive matters or controlling caselaw that this Court overlooked, and there is no clear error or manifest injustice in this Court's decision. Buczek ignores that his removal of this action was untimely and simply seeks to relitigate his failed positions. For these reasons, Buczek's motion under Rule 59 is denied.

11. This Court also considers Buczek's motion under Rule 60. Rule 60 (b) enumerates certain circumstances under which a district court may relieve a party from a final judgment, including (1) mistake, inadvertence, surprise, or excusable neglect, and (2) any other reason that justifies relief. Fed. R. Civ. P. 60 (b)(1) and (6). Generally, a Rule 60 (b) motion should be granted only in "extraordinary circumstances" when it is necessary to "override the finality of judgments in the interest of justice." Andrulonis v. United States, 26 F.3d 1224, 1235 (2d Cir. 1994); see also Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986) (noting that "[s]ince 60 (b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances").

12. When evaluating a Rule 60 (b) motion, courts strive to "strike[ ] a balance between serving the ends of justice and preserving the finality of judgments." Nemaizer, 793 F.2d at 61. Thus, the Second Circuit has set forth a three-prong test that must be satisfied for a Rule 60 (b) motion to succeed: "(1) there must be 'highly convincing' evidence in support of the motion; (2) the moving party must show good cause for failing to act sooner; and (3) the moving party must show that granting the motion will not impose an undue hardship on any party." Esposito v. New York, No. 07 Civ. 11612, 2010 WL

4261396, at *2 (S.D.N.Y. Oct. 25, 2010) (citing Kotlicky v. United States Fid. Guar. Co., 817 F.2d 6, 9 (2d Cir. 1987)). The decision to grant relief under Rule 60 (b) is left to the "sound discretion" of the district court. In re Lawrence, 293 F.3d 615, 623 (2d Cir. 2002) (citing Parker v. Broad. Music, Inc., 289 F.2d 313, 314 (2d Cir. 1961)).

13. Here again, Buczek does not meet the high standard for relief under Rule 60. No extraordinary circumstances are presented; no mistakes have been made; and no highly convincing evidence warranting a change in this Court's decision has been submitted. Consequently, Buczek's motion under Rule 60 is denied.

IT HEREBY IS ORDERED, that Plaintiff's "Writ of Error Objecting" (Docket No. 11) is DENIED.

SO ORDERED.

Dated: May 12, 2017
       Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge